**NOT FOR PUBLICATION**

FILED

APR 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MOGAN,<br><br>    Appellant,<br><br>v.<br><br>SACKS, RICKETTS & CASE, LLP, et al.<br><br>    Appellee. | Nos. 22-15254, 22-15793<br><br>D.C. No. 3:21-cv-08431-TSH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California,
Judge Thomas S. Hixson, Magistrate Judge, Presiding

Submitted April 14, 2023**
San Francisco, California

Before: S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF,*** District Judge.

Michael Mogan appeals from the district court's decision to sanction him and dismiss his claims against Sacks, Ricketts & Case, LLP ("SRC"), including several

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

of its attorneys (collectively, the "SRC defendants"), and against Airbnb, Inc. and its employees (collectively, the "Airbnb" defendants). He also argues that the district court abused its discretion in denying his motions for reconsideration, reassignment, and recusal; in affirming the jurisdiction of Magistrate Judge Hixson over this litigation; and, finally, in calculating the amount Mogan must pay to the appellees in attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Mogan's claims arise from his representation of a client in her 2018 state-court lawsuit against Airbnb Inc. and its employees. Early on in that litigation, the state court compelled his client to arbitrate her claims and stayed the case pending arbitration. Following the state court's decision, the American Arbitration Association ("AAA") requested, via email, that each party pay the filing fee necessary to proceed with arbitration. In April 2019, the AAA notified Mogan and representatives of Airbnb that it was closing the matter because Airbnb had apparently failed to pay the required fee. A few weeks later, the AAA contacted the same parties to clarify that Airbnb had, in fact, timely paid the fee and that the AAA's conclusion that it had not was due to a clerical error. It also offered to reopen the proceeding if it received confirmation from Mogan that his client wanted to continue arbitrating her claims.

Mogan did not respond to these communications. Instead, with full knowledge of the AAA's reasons for closing the proceeding, he filed a motion to lift the state-

2

court judicial stay, arguing that Airbnb's purported failure to timely pay the fee amounted to a default. Defendants moved for sanctions. Finding that Mogan's motion was both "factually and legally frivolous," the state court granted the Airbnb defendants' request for sanctions and directed Mogan to pay their attorneys fees in the amount of $22,159.50.

After the state appellate court affirmed that decision, Mogan filed this lawsuit. In response, the SRC defendants and the Airbnb defendants filed separate motions to dismiss the claims against them. Alongside their motion to dismiss, the Airbnb defendants also filed a Rule 11 motion for sanctions based on Mogan's conduct. The district court granted the parties' motions to dismiss, and the Airbnb defendants' motion for sanctions. The defendants—appellees here—then filed motions for attorneys' fees, which the district court also granted.

1. After a de novo review, we find that the district court did not err in dismissing Mogan's claims as to the Airbnb defendants on collateral estoppel grounds. *See Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019). Under California law, issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015).

All these requirements are satisfied here. Both the instant lawsuit and the state-court sanctions proceedings—a "final adjudication"—present the "identical issue(s)" of the timeliness of Airbnb's filing fee payment and the propriety of Mogan's actions in response to communications from the AAA. *See Consumer Advoc. Grp. Inc. v. Kintetsu Enters. of Am.*, 150 Cal. App. 4th 953, 980 (2007); *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 342 (1990). Moreover, these issues were "actually litigated and necessarily decided" against Mogan and, indeed, form the essential factual predicates for his claims in this litigation. Finally, because the state court's decision to impose sanctions was based on Mogan's conduct during that litigation, Mogan—though not a party to the proceeding—was in "privity" with a party in that he should have expected to be bound by that decision. *DKN Holdings*, 61 Cal. 4th at 826 (citation and quotation marks omitted) (finding privity exists where "the nonparty should reasonably have expected to be bound by the first suit") (internal quotation marks omitted).[1]

2. Moreover, the district court properly granted the SRC defendants' motion to strike the abuse of process claim that Mogan brought against them.[2] Here, the

---

[1] Because we believe the district court did not err in dismissing the claims against the Airbnb defendants on collateral estoppel grounds, we see no reason to review its ruling that many of Mogan's claims were independently barred under California's litigation privilege.

[2] California's anti-SLAPP statute applies in federal court. *See CoreCivic Inc. v. Candide Grp.*, 46 F.4th 1136, 1141 (9th Cir. 2022).

SRC defendants have clearly made a prima facie case that Mogan sued them for "conduct in furtherance of the constitutional right of petition or free speech," and thereby satisfied the first step for motions to strike under the statute. *See* Cal. Civ. Proc. Code § 425.16(e). The statute, in no uncertain terms, protects "all communicative acts performed by attorneys as part of their representation of a s in a judicial proceeding or other petitioning context," because such activity is "per se protected as petitioning activity.'" *Contreras v. Dowling*, 5 Cal. App. 5th 394, 409 (2016).

Proceeding to the second step, Mogan has not stated a claim that is plausible on its face under Rule 12(b)(6). *Cf. Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress,* 890 F.3d 828, 834-35 (9th Cir. 2018). His complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and naked "recitation[s] of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the conduct forming the basis for his claim is plainly barred by California's litigation privilege, because it consists entirely of lawful communications made in furtherance of litigation and arbitration proceedings. *See Moore v. Conliffe*, 7 Cal. 4th 634, 641-43 (1994) (describing the litigation privilege and applying it to communications in arbitration proceedings).[3]

---

[3] Mogan argues that, even if the district court was correct to dismiss his claims, he should have nonetheless been allowed additional discovery to rectify any defects in his complaint. However, we refuse to "unlock the doors of discovery" for

3. The district court did not abuse its discretion in granting the Airbnb defendants' Rule 11 sanctions motion.[4] Reversal on this issue is appropriate only if the district court applied the incorrect legal standard contained in Rule 11 or based its ruling "on a clearly erroneous assessment of the evidence." *Cooler Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990). The district court's decision that Mogan's motion was—in light of his intimate knowledge of the state court's sanctions proceedings—"frivolous, legally unreasonable or without factual foundation" falls within the "broad range of permissible conclusions" and, therefore, must be upheld. *Cotter & Gell*, 496 U.S. at 400; *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (1997) (noting that sanctions are appropriate for a litigant's decision to assert a claim barred by collateral estoppel if "a reasonable investigation would [have] reveal[ed] that a claim is barred by . . . collateral estoppel"). Mogan's contention that the sanctions proceedings deprived him of due process is also meritless, as he was given full notice of the basis for sanctions in the motion briefing and was provided an opportunity to respond. *See Lambright v. Ryan*, 698 F.3d 808, 826 (9th Cir. 2012).

---

appellants who, like Mogan, are "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

[4] Because the Airbnb defendants' motion for sanctions was meritorious, the district court appropriately denied Mogan's request for sanctions against the Airbnb defendants.

4. Finally, the district court did not abuse its discretion with respect to the amount of sanctions and attorneys' fees awarded.[5] *See Manufactured Home Cmtys., Inc. v. Cty. of San Diego*, 665 F.3d 1171, 1181 (9th Cir. 2011) (reviewing anti-SLAPP fee for abuse of discretion); *Cooter & Gell*, 496 U.S. at 409 (reviewing Rule 11 monetary sanctions award for abuse of discretion). The defendants' billing records listed the hours they worked with sufficient specificity, and the district court did not abuse its discretion by determining that the defendants' counsel billed at the "prevailing market rate." *See Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). Moreover, the district court did not ignore Airbnb's "duty to mitigate" their fees. In the context of Rule 11, this "duty" requires only that the court consider the moving party's culpability in prolonging the lawsuit, which it did here. *See Hudson v. Moore Business Forms, Inc.,* 898 F.2d 684, 687 (9th Cir. 1990).[6]

---

[5] As a threshold matter, the Airbnb defendants' motion for fees was timely filed, submitted as it was before the deadline set by the magistrate judge. Moreover, the district court did not err in finding that the very brief declaration Mogan submitted to describe his financial situation was insufficient to show he was unable to pay the fees' award. *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) ("[The] sanctioned party bears the burden of producing probative evidence of his inability to pay." (internal quotation marks and citations omitted)). In any event, sanctions in the amount of attorneys' fees that the Airbnb defendants incurred are reasonable to compensate the appellees for Mogan's misconduct. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021).

[6] We also affirm the district court's decisions to reject Mogan's challenges to Magistrate Judge Hixson's jurisdiction, and to deny his motions for reconsideration, reassignment, and recusal. First, as to Judge Hixson's jurisdiction, all parties in this litigation consented to proceed before a magistrate judge and that consent remains

**AFFIRMED.**

---

binding even after a case is reassigned. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1119 (9th Cir. 2012).

Second, a motion for reconsideration may be granted only if a change of law or fact arises or if the district court exhibited a "manifest failure . . . to consider material facts or dispositive legal arguments," of which there is no evidence here. *See* N.D. Cal. R. 7.9. As to reassignment, "judges may reassign cases for almost any reason, provided that the assignments are not for an impermissible reason." *United States v. Gray*, 876 F.2d 1411, 1415 (9h Cir. 1989). Here, Magistrate Judge Hixson determined that the cases arose from a common set of facts, and therefore were related—hardly an impermissible reason.

Finally, Mogan's recusal motion is completely meritless. Any alleged claim of bias "must stem from an extrajudicial source," and almost all of Mogan's arguments as to any potential bias arise from his disagreement with the Judge's decisions. *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). Moreover, there is not, as Mogan contends, a requirement that a judge recuse himself because he had previously worked with one or more of the parties' attorneys on matters unrelated to the case at issue. *Cf.* 28 U.S.C. § 455(b)(2) (requiring a judge to recuse without a showing of bias when "in private practice he served a lawyer *in the matter in controversy*, or a lawyer with whom he previously practiced law served during such association as a lawyer *concerning the matter*." (emphasis added)).